# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FRANK E. JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KELLY HARRINGTON, Warden,<br><br>　　　　Respondent. | No. CV 11-7850-AG (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

　　On September 22, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2009 conviction in the Los Angeles County Superior Court for second degree robbery and first degree residential robbery, both under California Penal Code § 211. (See Petition at 2; Petition, Exhibit A at 2). For the reasons expressed below, it appears that the instant Petition is unexhausted.

　　As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28

U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court.  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it does not appear from the Petition that petitioner has exhausted his state judicial remedies in connection with this matter.  (See Petition at 3).  Although petitioner states that he appealed his conviction to the California Court of Appeal, which affirmed his conviction "with directions" (see Petition at 3), petitioner does not state whether he filed a Petition for Review with the California Supreme Court.  (Id.)  If petitioner has not filed a Petition for Review with the California Supreme Court, the instant Petition is unexhausted.  See O'Sullivan, 526 U.S. at 845-47.  If petitioner *has* filed a Petition for Review with the California Supreme Court, but his Petition for Review is pending, the instant Petition is similarly unexhausted.  See Sherwood, 716 F.2d at

2

634. As it is unclear whether the instant Petition is exhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).[1]

For the foregoing reasons, **no later than October 14, 2011**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to certify under penalty of perjury that the information in the Petition is true and correct. Filing by petitioner of an Amended Petition that is signed and that clearly shows petitioner has exhausted his state judicial remedies shall be deemed compliance with this Order to Show Cause. **Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for lack of exhaustion, failure to prosecute and failure to follow Court orders.**

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody. Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: September 23, 2011

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that petitioner did not properly complete his Petition because he failed to sign the form to certify under penalty of perjury that the information in the Petition is true and correct. (See Petition at 8). 28 U.S.C. § 2242 requires that a petition for writ of habeas corpus be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Petitioner's failure to sign the Petition, by itself, warrants dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition.") (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition)).